UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

TERRY LYNN HENDERSON,            )
   Plaintiff,                   )
                                 )
v.                               )    Case No: 2:12-CV-456
                                 )    Collier/Carter
CAROLYN W. COLVIN,               )
Commissioner of Social Security, )
   Defendant.                   )

## REPORT AND RECOMMENDATION

This action was instituted pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner denying the plaintiff a period of disability, disability insurance benefits, and supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(I), 423, and 1382.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation regarding the disposition of Plaintiff's Motion for Judgment on the Pleadings (Doc. 11) and Defendant's Motion for Summary Judgment (Doc. 13).

For the reasons stated herein, I RECOMMEND the decision of the Commissioner be AFFIRMED.

### Plaintiff's Age, Education, and Past Work Experience

Plaintiff, born in 1965, was 45 years old as of his alleged onset date and 46 years old as of the ALJ's April 16, 2012 decision (Tr. 16, 67, 323). He has a tenth grade limited education, is able to communicate in English, and had past relevant work experience as a cutting machine operator (Tr. 16, 76-78, 97, 347, 356).

## Applications for Benefits

Plaintiff filed applications for a period of disability, disability insurance benefits, and Supplemental Security Income in September 2010, alleging an onset date of August 31, 2010 (Tr. 11, 67-68, 323-30). The applications were denied initially and on reconsideration (Tr. 23-24, 331-37). Plaintiff then requested a hearing before an ALJ, which was held on March 14, 2012 (Tr. 341-60). In an April 26, 2012, decision, the ALJ found Plaintiff was not disabled (Tr. 8-17). The Appeals Council denied Plaintiff's request for review on November 5, 2012 (Tr. 4-6) and this case is now ripe for review under 42 U.S.C. §§ 405(g) and 1383 (c)(3).

After a careful evaluation of the evidence, the ALJ found Plaintiff had severe impairments of degenerative disc disease, status post back fusion and extension of fusion (two surgeries), but did not have an impairment or combination of impairments that met or equaled a listed impairment (Tr. 13-14). The ALJ found Plaintiff had the residual functional capacity (RFC) to perform a less than full range of sedentary work – that is, Plaintiff could sit only up to one hour at a time without interruption, could only occasionally push and pull with his upper extremities, could do no overhead reaching with his left arm or any reaching above the shoulders, could only occasionally balance, stoop, or kneel, could not climb ladders, ropes or scaffolds or crawl, and could not be exposed to vibrations or work around hazardous machinery (Tr. 14). The ALJ then determined, based on vocational expert (VE) testimony, that Plaintiff could not return to his past relevant work, but could perform other jobs that existed in significant numbers in the national economy (Tr. 16-17, 356-57).

## Standard of Review - Findings of the ALJ

To establish disability under the Social Security Act, a claimant must establish he/she is unable to engage in any substantial gainful activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has

lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); Abbot v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. § 404.1520. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity he/she is not disabled; (2) if the claimant does not have a severe impairment he/she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment he/she is disabled; (4) if the claimant is capable of returning to work he/she has done in the past he/she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy he/she is not disabled. Id. If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. § 404.1520; Skinner v. Secretary of Health & Human Servs., 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a prima facie case that he/she cannot return to his/her former occupation, the burden shifts to the Commissioner to show that there is work in the national economy which he/she can perform considering his/her age, education and work experience. Richardson v. Secretary, Health and Human Servs., 735 F.2d 962, 964 (6th Cir. 1984); Noe v. Weinberger, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review by this Court is whether the findings of the Commissioner are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 28 L. Ed. 2d 842, 92 S. Ct. 1420 (1971); Landsaw v. Secretary, Health and Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings they must be affirmed. Ross v. Richardson, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different

3

conclusion. The substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. Felisky v. Bowen, 35 F.3d 1027 (6th Cir. 1994) (citing Mullen v. Bowen, 800 F.2d 535, 548 (6th Cir. 1986)); Crisp v. Secretary, Health and Human Servs., 790 F.2d 450 n. 4 (6th Cir. 1986).

After considering the entire record, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2. The claimant has not engaged in substantial gainful activity since August 31, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: degenerative disc disease, status-post back fusion and extension of fusion (two surgeries) (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), i.e., stand and/or walk 30 minutes in an eight-hour day, without interruption; sitting would be limited to one hour without interruption out of an eight-hour workday; occasional pushing and pulling with upper extremities, but no overhead reaching with the left arm; no climbing ladders/ropes/scaffolds, crawling or reaching above the shoulders and occasional balancing, stooping or kneeling; and no exposure to vibrations or work around hazardous machinery.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born July 1, 1965 and was 45 years old, which is defined as a "younger-aged" individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a 10th grade "limited" education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding of "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a) 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 31, 2010, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 13-17).

## Issue Presented

The sole issue raised by Plaintiff is whether the Commissioner's decision is supported by substantial evidence. In making this argument, Plaintiff contends the ALJ failed to properly weigh the subjective allegations or complaints of Plaintiff and that the finding of the ALJ, that plaintiff can perform other work, was not supported by substantial evidence.

## Relevant Facts

Plaintiff's medical treatment is set forth in detail in the ALJ's Administrative Decision (Tr. 11-17) and in Plaintiff's Memorandum. I will not repeat it here but will refer to relevant portions of it in the analysis section.

## Analysis

### Subjective Complaints:

Plaintiff contends the ALJ did not properly evaluate the credibility of his subjective complaints (Doc. 12, Plaintiff's Memorandum pp. 9-10). When a Plaintiff alleges disability

5

based on subjective complaints, he must present objective medical evidence of an underlying medical condition. See Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997); 20 C.F.R. §§ 404.1529, 416.929. If a medically determinable condition exists, the adjudicator then must decide if the objective medical evidence confirms the severity of the alleged symptoms arising from the condition or if the condition is of such severity that it could reasonably be expected to give rise to the alleged symptoms. See Walters, 127 F.3d at 531; 20 C.F.R. §§ 404.1529, 416.929. "The absence of sufficient objective medical evidence makes credibility a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis." Walters, 127 F.3d at 531.

Plaintiff argues the ALJ did not make a specific credibility finding (Doc. 12, Plaintiff's Memorandum, pp. 9-10). As the Commissioner argues, the ALJ, after reviewing Plaintiff's subjective complaints of back and lower extremity pain and the medical evidence, expressly stated that while Plaintiff's complaints were credible as of his alleged onset date, Plaintiff was "currently capable of much more" and was recovering from the lumbar fusion extension surgery he underwent on December 17, 2010 (Tr. 15). The ALJ noted Plaintiff had been working and doing fairly well after his first back fusion surgery in 2001, but developed a lot of increased pain in his left leg starting in August 2010 (Tr. 14-15, 152-74). The ALJ also noted an MRI from September 2010 showed stenosis at the L4-5 level, hypertrophy, and disc bulging, which led to Plaintiff's treating physician Dr. Joel Ragland discussing with Plaintiff the possibility of extending his fusion (Tr. 15, 148, 154). Plaintiff underwent an extension of the lumbar fusion on December 17, 2010 (Tr. 15). A post-operative follow-up with Dr. Ragland on December 29, 2010, showed Plaintiff still had back pain but did not report any leg pain or cramping like he did

6

pre-operatively (Tr. 15, 144). Dr. Ragland recommended Plaintiff slowly increase his activities but avoid heavy lifting over fifteen pounds or doing a lot of bending or twisting (Tr. 15, 144).

As reflected in the ALJ's discussion of the evidence, Plaintiff's subsequent follow-ups throughout 2011 continued to show improvement in physical functioning (Tr. 15, 141-43, 288-91). X-rays in January 2011 showed good alignment, Plaintiff could walk okay, and he was generally doing well, though he moved and got up and down slowly (Tr. 15, 142-43). A March 2011 progress note showed Plaintiff's movement and pain continued to improve and was essentially able to return to normal activities outside of heavy lifting or excessive bending and twisting (Tr. 15, 141). In an October 2011 functional assessment, Dr. Ragland opined Plaintiff could lift up to ten pounds, stand and/or walk up to thirty minutes at a time, was limited to only occasional climbing, balancing, crouching, and kneeling, should never crawl, and should limit pushing/and pulling (Tr. 15, 288-90). As the ALJ also discussed, another physical functioning evaluation from a physical therapist showed Plaintiff could handle medium physical demands, that is, he could lift up to 40 pounds, push and pull around 90 pounds, could frequently sit, stand, and walk, and could frequently perform postural activities (Tr. 15, 311). I conclude the ALJ's discussion adequately addressed Plaintiff's credibility.

The ALJ also had before him the opinions of state agency reviewing physicians, Drs. Reeta Misra and Thomas Thrush, whose opinions further supported his conclusion that Plaintiff's subjective complaints regarding the limiting effects of his pain would resolve within twelve months of his alleged onset date (Tr. 15, 270-87). State agency physicians are experts in the Social Security disability programs and their opinions may be entitled to great weight if the evidence supports their opinions. See 20 C.F.R. §§ 404.1527(e)(2)(I), 416.927(e)(2)(I); Social Security Ruling (SSR) 96-6p, 1996 WL 374180 (S.S.A.), at *2. Both Dr. Misra, who reviewed

7

Plaintiff's records in March 2011, and Dr. Thrush, who reviewed his records in April 2011, determined Plaintiff did not have an impairment of disabling severity that would be expected to last at least twelve consecutive months and ultimately could do medium work (Tr. 15, 270-87). Dr. Thrush in particular noted Plaintiff's improvement following his December 2010 surgery (Tr. 286).

Plaintiff's contention that the ALJ did not point to evidence contradicting Plaintiff's subjective allegations ignores a substantial portion of the ALJ's discussion of the evidence leading up to his credibility assessment (Tr. 14-15). The ALJ thoroughly reviewed Plaintiff's medical records and the medical opinion evidence of record before concluding that while Plaintiff's complaints were credible as of his alleged onset date, since then Plaintiff has continued to recover from his last surgery and shown much greater functional ability than what he alleged (Tr. 14-15). The ALJ specifically noted Plaintiff's follow-ups in 2011 showed improved functioning. The opinion evidence from Dr. Ragland, Dr. Misra, Dr. Thrush, and the physical therapist who evaluated Plaintiff in October 2011 also reflected improved functioning (Tr. 14-15). While the ALJ may not have tied his discussion of the medical and opinion evidence to his evaluation of Plaintiff's subjective complaints, I conclude the record as a whole supports the conclusion that the ALJ considered Plaintiff's subjective complaints of pain (Tr. 14-15). As the Commissioner argues, it would be a waste of administrative and judicial resources to remand simply to have the ALJ reorganize this discussion to more clearly show how the record showed Plaintiff was "currently capable of much more" than what he alleged, where the ALJ already expressly considered Plaintiff's allegations of disabling back pain (Tr. 14-15). See Higgs v. Bowen, 880 F.2d 860, 864 (6th Cir. 1988) (finding agency's failure to address claimant's credibility was not reversible error, because claimant received a full and fair

8

explanation of the grounds for denial); see also N.L.R.B. v. Wyman-Gordon Co., 394 U.S. 759, 766 n.6 (1969) (finding that, when "remand would be an idle and useless formality," courts are not required to "convert judicial review of agency action into a ping-pong game").

I conclude the ALJ's discussion of the evidence of record supports the ALJ's credibility finding. "Credibility determinations with respect to subjective complaints of pain rest with the ALJ," Allen v. Comm'r of Soc. Sec., 561 F.3d 646, 652 (6th Cir.2009) (internal quotation marks and alterations omitted), and "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility," Walters, 127 F.3d at 531.

The Ability to Perform Other Work:

The ALJ determined Plaintiff could perform other work that existed in significant numbers in the economy based on testimony of a VE (Tr. 16-17). In response to a hypothetical question that included all limitations the ALJ found credible and supported by the record, including a restriction on sitting for more than one hour at a time and standing or walking more than thirty minutes at a time, the VE identified jobs that existed in significant numbers in the national economy that Plaintiff could perform – specifically, a telephone answering clerk position, which represented 800 jobs in Tennessee and 84,000 in the United States, and a surveillance system monitor position, which represented 650 jobs in Tennessee and 49,000 in the United States (Tr. 356-57). Plaintiff's suggests the VE was actually referring to a "telephone quotation clerk" position, which the Dictionary of Occupational Titles (DOT) describes as providing stock quotations, and he contends that it is "not certain" whether such a job still exists currently. This contention is not based on either the VE's actual testimony or any other evidence or authority (Doc 12, Plaintiff's Memorandum at 8-9). However, the VE identified a "telephone

9

answering clerk" position, which describes several positions identified in the DOT, not just the position Plaintiff presumes is the "most analogous" DOT definition. See DOT § 209.567-014, 1991 WL 671794 (noting a food and beverage order clerk may be designated as a telephone order clerk); § 249.362-026, 1991 WL 672320 (noting an order clerk processing orders for material or merchandise may also be designated as a telephone order clerk; § 299.367-010, 1991 WL 672630 (noting that a customer service clerk's duties include answering telephone inquiries).

Plaintiff next contends the ALJ did not comply with the SSR 00-4p requirement of asking whether any VE testimony conflicted with the DOT (Doc. 12, Plaintiff's Memorandum, at 8). I disagree. The ALJ did ask whether the VE's testimony was consistent with the DOT (Tr. 359). In response to the ALJ's question concerning whether the VE's testimony was consistent with the DOT, the VE noted only that the DOT definition for Plaintiff's past relevant work as a machine operator classified such work as medium work, but the DOT had not been updated since the early '90s (Tr. 359). The VE, who had instead described Plaintiff's past work as heavy, indicated she had taken into account Plaintiff's description of how the job was commonly performed in the current economy (Tr. 356, 359). As the Commissioner notes in his brief, the VE did not identify any other inconsistencies between her testimony and the DOT. There was no further cross examination on this issue (Tr. 359). Accordingly, the ALJ determined Plaintiff could perform other work that existed in significant numbers based on VE testimony (Tr. 16-17).

Plaintiff contends the VE did not identify jobs that existed in significant numbers in the national economy. The Commissioner argues the cases relied on by Plaintiff actually undermine this argument. Plaintiff cites Harmon v. Apfel, 168 F.3d 289, 291, 293 (6th Cir. 1999), which held that substantial evidence supported an ALJ's conclusion that a claimant could perform work that existed in significant numbers, where the VE had identified positions that represented about

10

700 jobs regionally and 900,000 jobs nationally. Plaintiff also cites Stewart v. Sullivan, No. 89-6242, 1990 WL 75248, *4 (6th Cir. 1990), which held that VE testimony identifying positions that represented 125 jobs locally and 400,000 jobs nationally that a claimant could do provided sufficient support for the ALJ's conclusion that the claimant could do a significant number of jobs in the national economy.

In this case the VE identified 1,450 jobs locally, in Tennessee and 133,000 jobs in the United States. Finding Plaintiff could perform work that existed in significant numbers based on VE testimony identifying jobs that represented 1,450 jobs regionally and 133,000 jobs nationally is arguably consistent with Harmon and Stewart indicating that 700 jobs or even 125 jobs available regionally may constitute a significant number of jobs. Plaintiff contends the number of jobs the VE identified constitutes a small percentage of the total number of jobs available statewide and nationally. However, as the Commissioner notes, the Sixth Circuit has observed in Hall v. Bowen, 837 F.2d 272, 275 (6th Cir. 1988), that "when there is testimony that a significant number of jobs exists for which a claimant is qualified, it is immaterial that this number is a small percentage of the total number of jobs in a given area."

Plaintiff's relies on Hall to also suggest the ALJ did not consider all the "required" factors in determining whether Plaintiff could perform other work that existed in significant numbers inaccurately describes both Hall and the ALJ's decision (Doc. 12, Plaintiff's Memorandum at 8). The court in Hall stated that a judge should consider many criteria in determining whether work exists in significant numbers, "some of which might include: the level of claimant's disability; the reliability of the [VE's] testimony, the reliability of claimant's testimony, the distance claimant is capable of travelling to engage in the assigned work . . . and so on" (emphasis added). As the context in Hall shows and as noted in Harmon, 168 F.3d at 292, such criteria were only

11

suggestions, and Hall did not create any specific requirement that an ALJ must explicitly consider every suggested factor. As the Commissioner notes, the ALJ considered many of the suggested criteria listed in Hall, including the level of Plaintiff's disability, the reliability of his testimony, and the availability of the type of work Plaintiff could do (Tr. 14-17). Plaintiff fails to cite anything to suggest the ALJ did not consider one of the factors suggested in Hall that he should have in finding Plaintiff could perform work that existed in significant numbers.

Plaintiff also appears to argue that the VE did not identify a significant number of jobs because the ALJ did not consider "the effect" of SSR 96-9p on the ALJ's RFC finding limiting Plaintiff to less than a full range of sedentary work (Doc. 12, Plaintiff's Memorandum at 9). Plaintiff, however, does not explain what effect SSR 96-9p has on the ALJ's RFC finding, on the hypothetical posed to the VE based on this RFC finding, or on the ALJ's finding that Plaintiff could do other work that existed in significant numbers based on VE testimony that considered Plaintiff's RFC. SSR 96-9p states that although a finding of "disabled" usually applies when the full range of sedentary work is significantly eroded, "the ability to do even a limited range of sedentary work does not in itself establish disability in all individuals." SSR 96-9p, 1996 WL 374185, *3 (S.S.A.). Consistent with SSR 96-9p, the ALJ made an individualized determination about whether Plaintiff could adjust to other work given his RFC finding restricting Plaintiff to only a partial range of sedentary work, and considered Plaintiff's age, education, and work experience in concluding Plaintiff could perform other work that existed in significant numbers (Tr. 16-17, 356-59).

The burden of proving disability always rests with Plaintiff. See 20 C.F.R. §§ 404.1512, 416.912; Foster, 279 F.3d at 353. The Commissioner is charged with the duty to weigh the evidence, resolve material conflicts in testimony, and determine the case accordingly. See

12

Case 2:12-cv-00456-HSM-WBC Document 15 Filed 01/22/14 Page 12 of 14 PageID #: 71

Richardson v. Perales, 402 U.S. 389, 399 (1971); Walters, 127 F.3d at 528; Mullins v. Sec'y of Health & Human Servs., 836 F.2d 980, 984 (6th Cir. 1987).  As the court notes in Hall and Plaintiff recognizes in his memorandum, there is no bright line separating a "significant number" from an insignificant number of jobs, but the decision should ultimately be left to the trial judges common sense in weighing the statutory language as applied to the particular Plaintiff's factual situation.  Even if this Court disagrees with the ALJ's resolution of the factual issues, and would resolve those disputed factual issues differently, his decision must be affirmed where it is supported by substantial evidence in the record as a whole.  See Warner, 375 F.3d at 390.  Here, substantial evidence supports the ALJ's decision that Plaintiff was not disabled.

13

Case 2:12-cv-00456-HSM-WBC   Document 15   Filed 01/22/14   Page 13 of 14   PageID #: 72

<u>Conclusion</u>

Having carefully reviewed the entire administrative record and the briefs of the parties filed in support of their respective motions, I conclude there is substantial evidence in the record to support the findings of the ALJ and the decision of the Commissioner, and neither reversal nor remand is warranted on these facts. Accordingly, I RECOMMEND[1]:

  (1) The plaintiff's motion for judgment on the pleadings (Doc. 11) be DENIED.

  (2) The defendant's motion for summary judgment (Doc. 13) be GRANTED.

  (3) The case be DISMISSED.

          S/*William B. Mitchell Carter*
          UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. <u>Thomas v. Arn</u>, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. <u>Mira v. Marshall</u>, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. <u>Smith v. Detroit Federation of Teachers,</u> 829 F.2d 1370 (6th Cir. 1987).

14